HAROLD L. WARD, Respondent, v. A. O. ANDERSEN AND Co., INC., Appellant.

First Department, April 30, 1920.

Depositions — examination of party before trial — subsequent amendment of pleadings — former deposition may be used.

Where a defendant has already submitted to an examination before trial, the mere fact that the plaintiff amends his complaint after the dismissal of the original complaint does not entitle him to a new examination before trial, if the complaints do not differ in any material respect.

The mere service of an amended complaint does not forbid an examination taken before trial from being used upon the trial under the amended pleadings.

APPEAL by the defendant, A. O. Andersen and Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of February, 1920, denying defendant's motion to vacate and set aside an order for the examination of the defendant before trial.

*Herman S. Hertwig* of counsel [*Duncan & Mount,* attorneys], for the appellant.

*David L. Podell* of counsel [*Joseph A. Corr* with him on the brief], for the respondent.

GREENBAUM, J.:

Defendant appeals from an order denying a motion to vacate an *ex parte* order for its examination before trial.

On December 10, 1918, a motion for judgment on the pleadings resulted in the dismissal of the complaint, whereupon an amended complaint was served. Prior to the amendment of the complaint and on September 28, 1917, pursuant to an order for the examination before trial, the defendant's officer submitted to an examination.

On May 12, 1919, plaintiff procured a second order for the examination of the defendant upon an affidavit which refers to the prior examination and in which he attempts to justify the application for the second order by stating: " I am informed and believe that such examination cannot be used on the trial hereof, in view of the amended pleadings, and that therefore an order for a new examination of the defendant by its officers * * * is necessary." A comparison of the original and amended complaints discloses that they do not differ in any material respects.

No authority has been called to our attention which holds that the mere service of an amended complaint forbids an examination taken before trial from being used upon the trial under amended pleadings.

The testimony of a party is a declaration or admission

under oath which may be offered in evidence regardless of whether it was made before or after service of an amended complaint.

The order denying the motion to vacate must be reversed, with ten dollars costs and disbursements, and motion to vacate the order for an examination is granted, with ten dollars costs.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.